IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

SOOKYEONG KIM SEBOLD, *also known as* \*
  Sophia Kim,                               \*

Petitioner,                                     \*       Civil Action No. PWG-16-3906

v.                                             \*

UNITED STATES OF AMERICA,     \*

Respondent.                             \*

\*\*\*

## MEMORANDUM OPINION

Self-represented petitioner Sookyeong Kim Sebold of Temple Hills, Maryland is seeking vacatur of her federal convictions in this Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241. Pet., ECF No. 1. Sebold claims her rights to due process and a fair trial under the Fifth and Sixth Amendments to the Constitution were violated and that she is entitled to a new trial. *Id.*

## BACKGROUND

Sebold was convicted by a jury in the United States District Court for the Eastern District of Virginia of filing a false income tax return and criminal tax evasion, in violation of 26 U.S.C. §§ 7201, 7206. On March 1, 2013, the district court sentenced her to 24 months of incarceration and three years of supervised release and ordered her to pay restitution. *United States v. Sebold*, Criminal Case No. 1:12-cr-434-LMB-1. (E.D. Va. 2012). The United States Court of Appeals for the Fourth Circuit affirmed her convictions on appeal. *United States v. Sebold*, 2013547 F. App'x. 278 (4th Cir. 2013), and the Supreme Court denied her Petition for a Writ of Certiorari. *Sebold v. United States*, 135 S. Ct. 96 (2014). On December 7, 2015, the United States District Court for the Eastern District of Virginia dismissed her Motion to Vacate, Set Aside or Correct

Sentence pursuant to 28 U.S.C. § 2255 as time-barred. *United States v. Sebold*, Civil Case No. 1:15-cv-1621-LMB (E.D. Va. 2015). Sebold indicates that she is presently under the supervision of the U.S. Probation and Parole Office in Greenbelt, Maryland. Pet. 2, ECF No. 1. As such, she is "in custody" for purposes of a § 2255 motion. *United States v. Pregent*, 190 F.3d 279, 283 (4th Cir. 1999) (citing *Maleng v. Cook*, 490 U.S. 488, 491 (1989)).

## JURISDICTION

District courts may grant writs of habeas corpus "within their respective jurisdictions." 28 U.S.C. § 2241(a). Generally, a petitioner's custodian is the proper respondent in a § 2241 petition. *See Rumsfeld v. Padilla*, 542 U.S. 426, 434–35 (2004) (the writ should be directed to the "person who has the immediate custody of the party detained, with the power to produce the body of such party before the court or judge." To issue the writ, a court must have jurisdiction over the custodian, and jurisdiction exists only where the petitioner is confined. *Id*. Sebold's custodian is the Director of the U.S. Probation and Parole Office in Maryland, and her § 2241 may be considered here.

## DISCUSSION

A §2241 petition attacks the manner in which a sentence is executed. *See* U.S.C. §2241(a). An individual who is in federal custody and seeks to collaterally attack the imposition or validity of his or her federal judgment and sentence is generally required to file a Motion to Vacate pursuant to 28 U.S.C. § 2255(a). *See In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc).

28 U.S.C. § 2255(e), which is commonly called the "savings clause," provides an exception to this general rule. Under §2255(e) a prisoner may seek relief by way of § 2241 if the remedy under § 2255 is determined "inadequate or ineffective to test the legality of his

detention." 28 U.S.C. § 2255(e); *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000). A petitioner bears the burden of showing the inadequacy or ineffectiveness of § 2255. *See McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979). If a federal prisoner brings a § 2241 petition that does not fall within the purview of the "savings clause," then the district court must dismiss the "unauthorized habeas motion . . . for lack of jurisdiction." *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010).

The "savings clause" is not triggered "merely . . . because an individual is procedurally barred from filing a Section 2255 motion[.]" *Vial*, 115 F.3d at 1194 n.5; *see also In re Jones*, 226 F.3d at 333. In *Jones*, the United States Court of Appeals for the Fourth Circuit explained that § 2255 is inadequate and ineffective and §2241 is available when:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*Id.* at 333–34. Under this rule, a federal petitioner is entitled to pursue a § 2241 motion only when he or she had no opportunity to file a § 2255 motion to take advantage of a change in the applicable law. If the petitioner "had an unobstructed procedural shot at filing a § 2255 motion to take advantage of such a change, a § 2241 motion is unavailable." *Rice*, 617 F.3d at 807.

Sebold contends that she is entitled to habeas relief on the following grounds: at trial the government presented irrelevant evidence to demonstrate that she embezzled funds and excluded exculpatory evidence; the government questioned a witness about Sebold's "unpopular beliefs" regarding the Unification Church, its activities, and its leader Rev. Sun Myung Moon; she was interviewed by the prosecutor before trial and he "played me at the trial"; and the IRS investigation of her taxes remains unresolved. Pet. 7-9; Pet'r's Mem., ECF No. 1-1. These

grounds do not assert a change in law or otherwise satisfy the *Jones* requisites to entitle Sebold to challenge her convictions under § 2241. Accordingly, the Court must dismiss this § 2241 Petition without prejudice for lack of jurisdiction.[1]

## CERTIFICATE OF APPEALABILITY

A Certificate of Appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and that any dispositive procedural ruling dismissing such claims is likewise debatable. *See Miller–El v. Cockrell*, 537 U.S. 322, 336–38 (2003); *Rose v. Lee*, 252 F.3d 676, 683–84 (4th Cir. 2001). Reasonable jurists would not find Sebold's claims debatable; consequently, the Court declines to issue a Certificate of Appealability. Denial of a Certificate of Appealability in the district court does not preclude Petitioner from requesting a Certificate of Appealability from the appellate court.

## CONCLUSION

For these reasons, the Court will dismiss the Petition without prejudice for lack of jurisdiction and decline to issue a Certificate of Appealability in an order to follow.

Paul W. Grimm
United States District Judge

---

[1] To attack her convictions, Sebold must obtain pre-filing authorization from the United States Court of Appeals for the Fourth Circuit to file a second or successive § 2255 motion in the sentencing court.